UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| AMANDA M. OLIVEIRA, as Administrator of the Estate of Mary Frances Crocker, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV424-014 |
| WALMART, INC., and ELWYN CROCKER, SR., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed her Complaint in the Superior Court of Effingham County, Georgia, and Defendant Walmart, Inc. ("Walmart") removed it to this Court. *See* doc. 1. Plaintiff has filed a Motion to Remand, doc. 17, and Walmart has filed Motions for Judgment on the Pleadings, docs. 2 & 22. Those Motions are all pending before the District Judge. The parties have also submitted their Rule 26(f) Report, doc. 18, and Walmart has moved for a stay of discovery pending disposition of its Motion, doc. 23. Plaintiff filed a response in opposition to the Motion to Stay, *see* doc. 27, but during an informal discovery conference, *see* doc. 36 (Minute Entry),

Plaintiff agreed that a stay would be appropriate given the pending motions.

A court has "broad discretion" in determining whether to grant a stay of discovery. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has recognized that it is appropriate for the Court dispose of "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotation marks omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In evaluating stays of discovery pending resolution of dispositive motions, "a court must take a 'preliminary peek' . . . to assess the likelihood that the motion will be

granted." *Taylor v. Jackson*, 2017 WL 71654, at *1 n.2 (S.D. Ga. Jan. 6, 2017) (quoting *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016)). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Sams*, 2016 WL 3339764 at *6. "[A] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *CSX Transp., Inc. v. United States*, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014) (citing *Feldman*, 176 F.R.D. at 652).

As Defendant points out in its Motion to Stay, its pending Motion for Judgment on the Pleadings "raises serious threshold arguments against the propriety of this lawsuit proceeding at all, and if it is granted, it will entirely dispose of the case against Walmart." Doc. 23 at 3. Meanwhile, Plaintiff seeks remand, and argues that "the issues raised in the Motion to Remand – i.e., whether this Court has the required subject matter jurisdiction to entertain this action – must be resolved before the Court addresses any other of the issues attendant to this litigation, including the Motion for Judgment on the Pleadings filed by Defendant Walmart." Doc. 17 at 7. Given the uncertain future of this case pending

the District Judge's resolution of these motions, a stay of discovery is appropriate. Therefore, Defendant Walmart's Motion to Stay is **GRANTED**. Doc. 23.

Although Walmart seeks a stay pending resolution of its Motion for Judgment on the Pleadings, *see* doc. 23 at 2, the Court finds that this case would be streamlined by a stay pending disposition of both Defendant's Motions and Plaintiff's Motion to Remand. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (acknowledging a district court's "broad discretion to stay proceedings as an incident to its power to control its own docket."). Accordingly, all discovery deadlines are **STAYED** pending disposition of the latter of Plaintiff's Motion to Remand, doc. 17, and Defendant Walmart's Motions for Judgment on the Pleadings, docs. 2 & 22. If any claims remain pending in this Court, any remaining parties are **DIRECTED** to confer and jointly file a renewed Rule 26(f) Report no later than 14 days from the District Judge's disposition of the later of

those motions.  The Clerk is **DIRECTED** to **TERMINATE** the currently pending Rule 26(f) Report as moot.  Doc. 18.

**SO ORDERED**, this 12th day of March, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA